996 So.2d 884 (2008)
SCHICKEDANZ BROS.-RIVIERA LTD., a Florida Limited Partnership and Schickedanz Bros.-Palm Beach, Ltd., a Florida Limited Partnership, and Schickedanz Enterprises, Inc., the corporate general partner of Schickedanz Bros.-Riviera Ltd., and Schickedanz Bros.-Palm Beach, Ltd., Appellants,
v.
Robert HARRIS and Real Estate Marketing and Consulting, Inc., a Florida corporation, Appellees.
No. 4D07-2926.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
Rehearing Denied January 15, 2009.
Jane Kreusler-Walsh and Rebecca Mercier Vargas of Kreusler-Walsh, Compiani & Vargas, P.A., and Rodney L. Tennyson of Rodney L. Tennyson, P.A., West Palm Beach, for appellants.
Michael J. Ryan, North Palm Beach, for appellees.
PER CURIAM.
We reverse the trial court's final judgment on appellants' counterclaim involving real estate commissions in connection with *885 sales at appellants' development. Appellee Harris was not entitled to real estate commissions, because he acted as a broker and was not licensed. See § 475.41, Fla. Stat. Although the trial court determined that Harris did not need to be licensed because of the exemption for persons or corporations selling their own property, that exemption does not apply to an "agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis...." § 475.011(2), Fla. Stat. While appellants owned the property sold by Harris, Harris was an independent contractor paid on a commission basis. On appeal Harris tries to circumvent this statute, arguing that he did not need an exemption because he was a licensed real estate salesperson. As a licensed real estate salesperson, though, he was required to comply with the requirements of chapter 475, which he failed to do by operating as a broker without a broker's license.
We affirm appellee's cross-appeal. We remand for the court to enter judgment in appellant's favor on the counterclaim.
WARNER, MAY and DAMOORGIAN, JJ., concur.